# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1419V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRYSON LIBERTY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Katherine E. Oler

Filed: November 25, 2019

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.
*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

      On September 17, 2018, Bryson Liberty ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he suffered transverse myelitis as a result of the pneumococcal vaccination (Prevnar-13) he received on December 3, 2015. Pet. at 1-3, ECF No. 1. Petitioner filed two statements of completion on October 15, 2018 and December 12, 2018. ECF Nos. 7, 9.

      On February 11, 2019, Respondent filed a status report informing the Court that medical records were still outstanding. ECF No. 11. Following a status conference held on March 26, 2019, I gave Petitioner until April 25, 2019 to file a status report confirming all evidence in support

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

of his claim had been filed and how he wished to proceed. ECF No. 24. On June 25, 2019, another status conference was held to discuss Petitioner's intent to continue prosecution of his petition and I gave him until August 5, 2019 to file a status report to inform the Court of his intent. ECF No. 20. That deadline was extended multiple times. *See* 8/15/2019 Non-PDF Order granting Motion for Extension of Time; 8/30/2019 Non-PDF Order granting Motion for Extension of Time; 10/22/2019 Scheduling Order; 11/1/2019 Non-PDF Scheduling Order; 11/22/2019 Non-PDF Scheduling Order.

Petitioner filed the instant motion to dismiss his claim on November 25, 2019, indicating "he will likely be unable to meet his burden of proof and establish that he is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 2, ECF No. 28.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master